[No. 13358.    Department One. — June 18, 1890.]

## HENRY VAN BIBBER, RESPONDENT, *v.* HENRY HILTON ET AL., APPELLANTS.

RIPARIAN RIGHTS — ACTION TO RESTRAIN DIVERSION — PLEADING — CROSS-COMPLAINTS. — In an action to restrain the diversion of water from a riparian proprietor, two cross-complaints of defendants, one of which sets out the right of defendants to the reasonable use of the stream in controversy as riparian proprietors, and the other their right to the use of twenty-five inches of the waters thereof, as prior appropriators, and each of which alleges unlawful acts of plaintiffs done and threatened in interference with the rights of defendants, and prays for affirmative relief, affecting the property to which the action relates, state causes of action which are proper to be pleaded by way of cross-complaint.

ID. — SEPARATION OF CROSS-COMPLAINTS. — Instead of setting up such separate rights in the form of two cross-complaints, they should be stated separately in one cross-complaint, to avoid confusion.

ID. — PRIOR APPROPRIATION BY RIPARIAN PROPRIETOR — INSUFFICIENT FINDINGS — JUDGMENT CUTTING OFF RIPARIAN RIGHTS. — When the court finds that both parties are riparian proprietors, and that defendants are prior appropriators of twenty-five inches of the stream, and fails to find what amount would be reasonable for defendants to use as riparian proprietors for irrigation, or other necessary purpose, a judgment ordering that all the waters of the stream be allowed to flow unrestricted to plaintiffs' lands, excepting twenty-five inches, to which defendants are entitled as prior appropriators, and cutting the defendants off from all reasonable use of any other part of the water as riparian proprietors, is unsupported by the findings, and is contrary to law.

APPEAL from a judgment of the Superior Court of Modoc County.

The facts are stated in the opinion.

*Spencer & Raker*, for Appellants.

*Goodwin & Jenks*, for Respondent.

FOOTE, C.—This is an action to restrain the defendants from diverting the waters of a stream in the county of Modoc. The stream flows through the lands of both the plaintiff and the defendants, and they are all riparian proprietors, the defendants' land lying on the stream above that of the plaintiff.

It appears by the findings that the amount of water carried by the stream is about 250 inches under a four-inch pressure, and that of such amount of water the defendants were the proprietors by prior appropriation of 25 inches. The court also found that the defendants had, by means of dams constructed in the stream and ditches leading out therefrom, diverted all the water of the stream, so as that none of it reached, by its natural flow, the lower riparian proprietors; that all the lands of the plaintiff were irrigated by the stream flowing naturally and spreading over it; and that a portion of the defendants' land was also irrigated in the same way, as also by the twenty-five inches of water obtained by a prior appropriation.

Finding that all the parties to the action were riparian proprietors, and that the defendants were also appropriators to the amount of twenty-five inches of the water running in the stream, the court below enjoined the defendants from diverting any of the waters except that to which they are entitled as such appropriators.

From the judgment rendered, the defendants appeal.

The pleadings of the defendants are all upon one paper, and were filed at the same time, and are signed at the end of the last part, or what is called the second cross-complaint. The part denominated the answer denies the allegations of the complaint, and pleads the statute of limitations under sections 318 and 319 of the Code of Civil Procedure by way of defense. The demurrer filed to the answer was overruled.

The grounds of demurrer to the cross-complaint are, that they do not state facts sufficient to show a cause of action, and that they are unintelligible, ambiguous, and uncertain.

It is proper to remark, in passing, that the matters set up separately in two cross-complaints might have been stated separately in one cross-complaint, and one demurrer would then have sufficed. The plan adopted here is confusing.

The question to be determined is, whether or not these cross-complaints contained matter proper for such a pleading. The first of them sets out the fact that the defendants are riparian proprietors, and, as such, entitled to the reasonable use of the waters of the stream; that the plaintiff has, by placing obstructions in the stream, and taking the water therefrom, prevented the flow of the same in their natural channel, and forcibly and wrongfully taken them away from the lands of the defendants, which, in their natural flow, they would have and did irrigate and make fruitful, when otherwise they would be and are unproductive; that such prevention of the natural flow of the waters has been of great damage to the lands of the defendants as riparian proprietors, and that the plaintiff threatens forcibly to continue his unlawful acts, and, unless prohibited by injunction, will cause great and irreparable damage to the defendants and their lands, and will entirely destroy their crops of grain, grass, etc., for which they cannot be entirely compensated, unless permitted to use the waters flowing in their natural channel, in the manner which they have been doing, etc.

That called the second cross-complaint is to the effect that the plaintiff is doing and threatens to do these same unlawful acts, as against the defendants' rights to the twenty-five inches of water as prior appropriators, and asks for relief, etc.

Section 442 of the Code of Civil Procedure reads as follows:—

" Sec. 442. Whenever the defendant seeks affirmative relief against any party, relating to or depending upon the contract or transaction upon which the action is brought, or affecting the property to which the action relates, he may, in addition to his answer, file at the same time, or by permission of the court subsequently, a cross-complaint."

Did the defendants, in what are called the first and

second cross-complaints, seek affirmative relief thereby, *affecting the property to which the action relates?*

The action relates to the waters of the stream, the right to the use of which the plaintiff claimed as a riparian proprietor, and the defendants in that capacity, and as prior appropriators to the extent of twenty-five inches. The right to the same water — the same property right — was involved in the action as brought, as in the cross-complaints, and therefore a cross-complaint was the proper pleading, as we think, in which to set up the facts and claim the affirmative relief. There were, then, causes of action stated in the cross-complaints proper to such pleadings, and the question only remaining is, whether the causes of action were unintelligibly or ambiguously stated. We do not think they were.

It follows, then, that the court erred in sustaining the demurrers to the cross-complaints.

The court below found, in effect, among other things, that both parties were riparian proprietors, and that as to twenty-five inches of the water of the stream, that the defendants were the prior appropriators thereof. But it nowhere appears in any of the findings what amount of water it would be reasonable for the defendants to use as riparian proprietors for irrigation or other necessary purpose, domestic or otherwise. In the judgment or decree, the whole of the water is ordered to be allowed to flow unrestricted to the plaintiff's lands in the natural flow of the stream, except the twenty-five inches given the defendants as prior appropriators. The finding once made that the defendants are riparian proprietors above on the stream, it is not allowable that a judgment be rendered which cuts them off from all reasonable use of any part of the water for irrigation or other necessary purpose as such proprietors. This is contrary to the doctrine of the appellate court in *Lux* v. *Haggin,* 69 Cal. 255; *Gould* v. *Stafford,* 77 Cal. 67; *Heilbron* v. *Land and Water Co.,* 80 Cal. 189.

We think the finding upon the statute of limitations is sufficiently explicit. But for the reasons stated, we advise that the judgment be reversed, and cause remanded for a new trial, with directions to the court below to overrule the demurrers to the cross-complaints, with leave to the plaintiff to answer the same if so advised.

GIBSON, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded for a new trial, with directions to the court below to overrule the demurrers to the cross-complaints, with leave to the plaintiff to answer the same if so advised.

WORKS, J., concurring.—I concur in the judgment, on the last ground stated in the foregoing opinion. The whole controversy between these parties could have been fully determined under the issues raised by the complaint and answer, and the cross-complaints were entirely unnecessary. The prevailing custom of encumbering the records and complicating the issues by unnecessary pleadings should be discouraged, and the judgment, if right, should not be reversed, for the reason that the demurrers were sustained to these useless pleadings.

A petition for a rehearing having been filed, the following opinion was rendered thereon on the 18th of July, 1890:—

The COURT.—Rehearing denied. The decision of the Department is in conflict with an expression used by the court in Bank in *Heilbron* v. *Canal Co.*, 76 Cal. 15, where it says: "The action is one in tort, and no affirmative relief could be granted." But the expression so used in the case cited is in conflict with the express provisions of section 442 of the Code of Civil Procedure, if

construed as meaning that in no case of an action for
tort a cross-complaint would be proper, or affirmative
relief be granted. There are many cases of that kind
where a cross-complaint might be proper, and affirma-
tive relief be granted. The expression so used in *Heil-
bron* v. *Canal Co.*, *supra*, stands alone, and is not supported
by any of the other cases cited, and our attention now
being called to it, it is overruled. This expression was
not necessary to the decision in that case.