[Sac. No. 3105. In Bank.—July 20, 1920.]

SUTTER BUTTE CANAL CO. (a Corporation), Petitioner, v. THE SUPERIOR COURT OF BUTTE COUNTY, et al., Respondents.

[1] Prohibition — Actions for Injunction — Effect of Order of Railroad Commission—Rulings of Court—Question not Presented.—An application for a writ of prohibition to prevent the superior court from proceeding in certain actions to enjoin a public service water company from extending its service to new territory must be denied where the application is made on the ground that the court is without jurisdiction by reason of a previous order made by the Railroad Commission directing the extension of such service, and it is shown that the only action taken by the court was to overrule the demurrers to the complaints, which complaints made no reference to the order of the commission, and to dismiss the commission's complaint in intervention, since the ruling of the demurrers was no more than a ruling that the complaints stated a cause of action within the general equity jurisdiction of the court, and the dismissal of the complaint in intervention may have been ordered on the ground that the commission was not a party beneficially interested.

APPLICATION for a Writ of Prohibition to prevent a Superior Court from proceeding in certain actions. H. D. Gregory, Judge. Denied.

The facts are stated in the opinion of the court.

Bell, Brookman, Simmons & Creech, W. H. Carlin and Isaac Frohman for Petitioner.

George F. Jones and Armfield & Eddy for Respondents.

Hugh Gordon for Railroad Commission of State of California, *Amicus Curiae.*

OLNEY, J.—This is an application for a writ of prohibition. The petitioner is a public utility corporation engaged in the business of selling and distributing water largely, if not entirely, for irrigation. By its articles of incorporation it was authorized to engage in this business in the counties of Butte and Sutter. Prior to the present year there were some fifty-eight thousand acres of land, mostly, if not all, in Butte County, to which water was furnished by it. In the fall of last year, the Railroad Commission authorized the company to obligate itself to supply some fourteen thousand four hundred acres more of land, all in Sutter County. Pursuant to such authority, the petitioner did so obligate itself by contract with the owners of these lands, and has extended its work so as to supply them at a cost which the commission finds to have been between two hundred thousand dollars and two hundred and fifty thousand dollars. No objection to this was made at the time by the old consumers of the Water Company, but it may be that they were unaware of the application for authority, although notice of the application was published in the newspapers circulating in Butte County, and the commission finds that the construction of the additional works by the company and its intention to serve thereby additional land was a matter of common knowledge in the county.

The last winter was an exceedingly dry one, and by spring it became evident that there would be a general water shortage. Representatives of the old consumers thereupon filed a complaint with the Railroad Commission setting forth that they were old consumers of the company, that the company was intending to take on some fourteen thousand four hundred acres of additional land, that there was a shortage of water and the company would not be able to supply both the lands of the old consumers and the new lands, and asking that the company be ordered not to supply the contemplated additional lands. The owners of the latter lands intervened in the proceeding, so that all parties in interest were represented. After a hearing, the commission denied

the complaint and directed the Water Company to deliver water for the new lands without discrimination between it and the lands previously supplied. (See Stats. 1913, p. 84; Deering's General Laws, Act 4348a.)

Pending the decision of the commission, three actions were commenced in the superior court of Butte County against the Water Company, one by a consumer of five years' standing under a contract, one by a consumer of a year's standing without a contract, and one by a land owner who was not a consumer but whose lands lay within the area served by the company's system as it had theretofore existed without the extension for the supplying of the fourteen thousand four hundred acres of new land. The complaints alleged a shortage of water, that the Water Company was intending to supply fourteen thousand four hundred acres of additional land, that there was not enough water for this land and the company's old consumers, and prayed for an injunction restraining the company from supplying the new land. No mention whatever was made in the complaints of any of the proceedings before the Railroad Commission. Demurrers were interposed to these complaints, and the Railroad Commission itself filed a complaint in intervention, setting up the authority previously given by it to the Water Company to supply the additional land, and the pendency of the proceedings before it. After the rendition by the commission of its decision, the superior court of Butte County dismissed the commission's complaint in intervention, and overruled the demurrers of the Water Company and directed it to answer. The Water Company thereupon applied to this court for a writ of prohibition to prevent the Butte County court from proceeding further with the actions before it. An alternative writ was granted, and a hearing has been had upon it.

The ground on which the writ is sought is that the superior court has no authority to enjoin the petitioner from supplying the additional lands in the face of the order of the Railroad Commission directing it to supply those lands. The question as to this authority has been the only point presented to us, and, since it is one of importance, and its decision, if in favor of the petitioner, would finally determine the controversy between the parties, we would much prefer to decide it and grant or deny the writ asked for

accordingly. [1] But we think it fairly plain that the question is not presented by the proceedings before the superior court in their present stage, and we do not feel at liberty deliberately to overlook this fact and to proceed to decide a question not in reality presented by the record. The only action taken by the superior court has been to overrule the demurrers to the complaints and to dismiss the commission's complaint in intervention. Its action in neither of these respects involved a ruling that it had authority to enjoin the Water Company from doing what the commission directed it to do, or necessarily indicated that the court would proceed without regard to the order of the commission when the existence of such order and the Water Company's reliance upon it were properly presented to the court.

So far as the overruling of the demurrers is concerned, the essential point is that the complaints make, as we have said, no reference to the proceedings before the commission or to the latter's order in the matter. They merely allege the relation of consumer to the company, or, in one case, the right and desire to initiate the relation, the intention, of the company to take on other lands, and the lack of water to supply both the company's old consumers and the new lands. The complaints and the demurrers to them present merely the question whether, under these circumstances, no order of the Railroad Commission being involved, an old consumer may enjoin a Water Company from taking on further requirements upon its supply. This question is purely one within the general equity jurisdiction of the superior court, and as such the court had authority to pass upon it and to overrule the demurrers to the complaints if it concluded that the old consumers were entitled to an injunction upon the facts alleged. With the correctness of this conclusion we are not concerned. If the facts were merely as stated in the complaints, and the court's conclusion that upon such facts causes of action existed in favor of the plaintiffs was incorrect, its decision could be reviewed on appeal, but not by prohibition. In brief, the action of the superior court in overruling the demurrers to the complaints was no more than a ruling that the complaints stated a cause of action within the general equity jurisdiction of the court. The question of whether or not the court was without authority to grant relief because of the

fact that the Railroad Commission had made an order in the premises was not presented. With the complaints reading as they did, this question could be presented only by an answer to them, setting up the order of the commission. It may well be, and, in fact, we presume, that the superior court overruled the demurrers upon this theory, particularly in view of the decisions of this court in *Pacific etc. Co.* v. *Eshleman,* 166 Cal. 640, [Ann. Cas. 1915C, 822, 50 L. R. A. (N. S.) 652, 137 Pac. 1119], and *Sexton* v. *Atchison etc. Co.* 173 Cal. 760, [161 Pac. 748], between which and the more recent decisions in *Yolo etc. Co.* v. *Superior Court* (Cal. App.), 185 Pac. 195, and *Red Bluff* v. *Southern Pacific* (Cal. App.), 187 Pac. 152, we see no conflict.

As to the action of the court in dismissing the commission's complaint in intervention, the court may well have done this upon the ground that the case was not one for intervention by the commission, that the commission was not a party beneficially interested, and that if the defense that it had made an order in the matter was to be presented, it should be presented either by the Water Company or by the owners of the additional land to be served. Such theory, at first blush, would seem to be sound, but whether it be or not, the fact that the superior court may well have acted upon it establishes at once that the court's action in dismissing the commission's complaint is not a ruling that it has jurisdiction despite the order of the commission, or any indication that the court intended to proceed despite that order, if the fact of its existence were properly shown.

There is, therefore, as we have said, as yet no ruling by the superior court that it has jurisdiction to issue an injunction in the face of the order of the Railroad Commission, and the question as to such jurisdiction has not been presented. It follows that the writ sought must be denied, but without prejudice to another application if occasion should hereafter require, and it is so ordered.

Shaw, J., Sloane, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.

ANGELLOTTI, C. J., Dissenting.—I dissent, being of the opinion that it is apparent from the face of the complaints in the superior court actions that, in view of sections 5 and

6 of the act of April 25, 1913 (Stats. 1913, p. 84; Deering's General Laws, Act 4348a), the subject matter of such actions is within the exclusive jurisdiction of the Railroad Commission, subject, only, in so far as the courts of this state are concerned, to review by this court, as provided by the Public Utilities Act.

Rehearing denied.

All the Justices concurred, except Sloane, J., who was absent.