[Civ. No. 4972.  Second Appellate District, Division One.—December 31, 1927.]

J.  A.  RYDELL, Respondent,  v.  BEVERLY  HILLS PRINTING & PUBLISHING  COMPANY, Appellant.

Porter C. Blackburn for Appellant.

Oscar W. Houge for Respondent.

HAHN, J., *pro tem.*—This appeal arises out of an action of unlawful detainer. The complaint is drafted in the usual form. Among other things, it is alleged that the defendant entered into possession of the property of the plaintiff under an oral agreement, by the terms of which the defendant agreed to pay on the first of each month as rental the sum of $100. It is further alleged that at the time of the filing of the action there remained unpaid on account of rental for the month of July the sum of $74.50, and the full monthly rental of $100 for the month of August; also, that a written notice demanding payment of the overdue rent within three days, or possession of the premises, had been given to the defendant, and that the defendant refused to either pay the rental or deliver up the possession of the premises.

An answer and cross-complaint were filed by the defendant. In his answer he does not deny the terms of the lease or that he entered possession or was in possession of the demised premises, but he does deny that there was due or unpaid the amounts charged in the complaint, and he further denies that he owes anything as rental to the plaintiff for the months of July and August. The answer further, under a heading designated as an "affirmative defense," alleges that the defendant suffered damage in the sum of $193.80, by reason of the malicious interference by the plaintiff with defendant's possession of the demised premises, and more particularly alleges that this damage was suffered by the defendant because the plaintiff had made malicious and unbecoming remarks concerning the defendant to a subtenant who, perchance, by reason of having heard the remarks of the plaintiff, left the premises, failing to pay the rental he owed therefor, and failing also to pay other obligations he owed the defendant.

The cross-complaint contained two counts, the first charging in substance that while the defendant was in lawful possession of the premises under the lease agreement referred to in the complaint, the plaintiff unlawfully trespassed upon the demised premises, at divers and numerous times, and that by "uttering unbecoming, slanderous and libelous remarks about the cross-complainant addressed to his help and to the sub-tenants of cross-complainant," the cross-

complainant was damaged in the sum of $500. The second count sets forth substantially the same matter contained in the answer under the special defense designated as "affirmative defense."

The plaintiff moved to strike the entire answer from the files, for the reason that it was not filed within the time provided in the order of the court overruling defendant's demurrer to the complaint. In the same motion plaintiff moved to strike the counterclaim from the answer (which is the portion designated under the heading "affirmative defense"), and also moved to strike the entire cross-complaint, this motion being based on the contention that the matter contained in the counterclaim and cross-complaint constituted "improper and illegal pleading," and, further, that the same did not constitute a defense to the cause of action set forth in the complaint. The motions were duly argued and submitted, and subsequently, on September 19th, the court made the following minute order: "Motion to strike answer and cross-complaint, heretofore submitted, the court now orders that the order striking out all of line 29, page 1, to line 23, inclusive, of page 2 of answer and cross-complaint granted; otherwise motion is denied." On September 23d a formal order signed by the judge was filed, which contains the following language: "It is hereby ordered that the cross-complaint of the Beverly Hills Printing & Publishing Company a corporation, defendant, and the counterclaim of the said defendant be and the same are hereby stricken out as an improper pleading in an answer to unlawful detainer, but the plaintiff's motion to strike defendant's answer from the files is hereby denied."

No notice of the court's ruling on the motions to strike appears to have been given to the defendant or his counsel, but on October 15th notice that the trial of the cause was set for the 31st was duly served on defendant's counsel.

On October 31st, the date set for trial, according to appellant's brief, "the parties proceeded to trial and upon appearing in court the defendant learned for the first time that the court had stricken out part of his answer and all of his cross-complaint in response to plaintiff's motion to strike out the answer and cross-complaint." In the recitals in the judgment signed and filed in the case, it is declared

that the plaintiff and his attorney were present, but that no one appeared for the defendant at the time of the trial.

The grounds urged by appellant for a reversal of the judgment may be considered under three heads.

First: That the court erred in granting plaintiff's motion to strike out the portion of the answer designated as a counterclaim, and the cross-complaint.

Second: That the court under the notice of motion to strike did not have a right to strike out a portion of the answer; and,

Third: That the court had no right to proceed to hear the case and render judgment, because no notice of ruling on the motion to strike had been given to the defendant.

As to the first point, it has been so firmly settled that in an unlawful detainer suit a defendant may not set up in his answer a counterclaim or file a cross-complaint, that discussion of this contention would hardly seem necessary. Appellant concedes this to be the rule in California, but contends that there is an exception to the rule where the alleged wrong, which the defendant desires to set up as a counterclaim or cross-complaint, arises out of the subject matter of the original action. This contention has been definitely held untenable in the case of *Knight* v. *Black,* 19 Cal. App. 527 [126 Pac. 516]. In that case, an action of unlawful detainer, the defendant undertook to set up as a part of his defense a claim for damages which he alleged he suffered because of the acts of the plaintiff in attempting to evict him from the demised premises. The court in that case used the following language in sustaining the ruling of the trial court in refusing to permit the defendant to offer the defense in a cross-complaint: "It is the law in this state and also in other jurisdictions where unlawful detainer statutes are in terms or essentially similar to our own that a counterclaim or cross-complaint of any kind or character is neither proper nor permissible in actions in unlawful detainer."

The cases cited by appellant in support of his contention are actions in ejectment and, of course, are not applicable to the instant case.

The next point urged by appellant is that inasmuch as the notice of motion to strike did not specifically

specify any particular words, or designate any particular lines in the answer, the court had no authority to grant the motion to strike portions of the answer. We find no merit in this contention, for the notice of motion specifically designates as the portion the plaintiff would move to be stricken out of the answer the "affirmative defense" therein contained. This is what the court ordered stricken out and designated as the counterclaim in its formal order.

The next and last point urged by appellant is equally without merit. If we may assume that the defendant and his counsel were present at the time of the trial, as stated in appellant's brief, it nowhere appears in the record that any objection was made to proceeding with the taking of evidence in the case, and it will be presumed, assuming defendant was entitled to notice of ruling on the motion to strike, that he waived any right to such notice by proceeding with the trial. If, on the other hand, we are to accept the recital in the judgment that the defendant was not present in person or by counsel when the case was called, the appellant is in no stronger position, because he had due notice of the trial, and, if he saw fit to ignore his day in court and there present his objections to proceeding with the trial, he cannot now be heard to complain. In closing, it may be pertinent to suggest that we have had no authorities submitted to us that would support appellant's contention that he was deprived of any substantial right in not having notice of sustaining the motion to strike served upon him.

As we find no error in the record, it is hereby ordered that the judgment appealed from be affirmed.

Conrey, P. J., and Houser, J., concurred.