[L. A. No. 12311. In Bank.—January 9, 1931.]

THE PEOPLE, Respondents, v. ASSOCIATED OIL COMPANY et al., Defendants; TWIN BELL OIL SYNDICATE et al., Appellants.

Neil O. McCarthy, Earl L. Banta, Harmel L. Pratt and Howard P. Hall for Appellants.

James O. Bennett for Respondents.

THE COURT.— Application having been duly made to this court by the respondents herein, filed on December 9, 1930, pursuant to section 956a of the Code. of Civil Procedure and rule XXXVIII of this court, for an order that evidence concerning facts occurring subsequent to the entry of the order granting the preliminary injunction appealed from herein be taken on the issue that said order and preliminary injunction operated as an unlawful discrimination against the appellant Star Petroleum Company, and good cause appearing therefor, it is ordered that the testimony of Wayne Jackman, R. E. Gray and H. C. Stroebel be taken on said issue of unlawful discrimination and be produced before the Honorable Leon R. Yankwich, a judge of the Superior Court in and for the County of Los Angeles, who is hereby designated a referee of this court for that purpose; that said testimony be taken before said referee at his courtroom in the city hall of Los Angeles, in said county; that said referee issue a subpoena or subpoenas requiring said witnesses to bring with them or produce the records of production and disposition of gas and oil from said wells of said Star Petroleum Company for the period beginning March 22, 1930; that said testimony may be taken and received in the form of affidavits of said witnesses and filed with said referee; that any other witnesses designated by the respondents whose testimony may be pertinent to said issue and concerning facts occurring subsequent to the entry of the order appealed from may be subpoenaed to produce

facts by affidavit or otherwise; that the time of the hearing at which such testimony shall be produced shall be upon ten days' written notice from the respondents to said appellant to appear and produce such testimony before the referee; that at said hearing, or at such later time as the referee may fix, said appellant may produce testimony on said issue by affidavit or otherwise, as it may desire, concerning facts occurring subsequent to the entry of said preliminary injunction, and pertinent to said issue; that the respondents produce before said referee a certified copy of the order of said superior court, signed by the Honorable William Hazlett, judge of said court, on May 2, 1930, modifying, confirming and approving the preliminary injunction appealed from; that when said testimony has been taken and said certified copy of said order has been produced said referee shall transmit the originals of said affidavits and a transcript of said oral evidence, if any, duly certified by him to be correct, and the certified copy of said order of modification to the clerk of this court, and the evidence so received shall be deemed a part of the record of said cause on appeal.