[Civ. No. 11444. Second Appellate District, Division One.—July 6, 1938.]

LOUIS GLASSER, Respondent, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Appellants.

Ray L. Chesebro, City Attorney, John L. Bland, Deputy City Attorney, Everett W. Mattoon, County Counsel, and Beach Vasey, Deputy County Counsel, for Appellants.

Richard H. Cantillon and John E. Glover for Respondent.

DORAN, J.—In an ordinance adopted by the board of supervisors of Los Angeles County, it is declared to be a misdemeanor to solicit in any manner or for any purpose in any building owned or operated by the county of Los Angeles (sec. 1, Ordinance No. 2292, N. S., County of Los Angeles), whether within the unincorporated or incorporated territory of said county.

In a complaint filed in the Municipal Court of the City of Los Angeles it was alleged that respondent Louis Glasser solicited "bail bond business" in the Hall of Justice, a building owned and operated by the county of Los Angeles and within the corporate limits of the city of Los Angeles, in violation of the above ordinance. A jury was unable to agree as to the guilt of the defendant, respondent herein, and the cause was set down for trial at a later date. Thereafter, and before the second trial of said action, defendant Glasser obtained an alternative writ of prohibition from the Superior Court of Los Angeles County. After a hearing on the return of the writ, said court entered its judgment declaring the above ordinance unconstitutional, from which judgment the Municipal Court of the City of Los Angeles prosecutes the appeal herein.

At the outset it should be noted that the Constitution provides that superior courts shall have appellate jurisdiction in such cases arising in municipal and justices' and other inferior courts in their respective counties as may be prescribed by law. The Constitution also provides for the creation of appellate departments of the superior court in any county wherein municipal courts are established. (Art. VI, sec. 5, Constitution of California, Ann. (Mason 1933), p. 904.) The county of Los Angeles has created such an appellate department of the superior court, and three judges of the superior court of said county have been designated according to law to preside over said appellate department.

The alternative writ of prohibition was issued by one of the judges of the appellate department of said court, and the writ was made returnable in the department of the court presided over by the three judges of said appellate department. The judgment from which the appeal herein is taken was signed by the three judges as judges of the superior court; that is to say, that although the appellate department of said superior court, as such appellate department, was without jurisdiction to issue the alternative writ, nevertheless there is nothing in the law which prevents three judges of the superior court from hearing and determining issues raised by an alternative writ of prohibition and the demurrer or answer thereto. It should be noted, also, that had the defendant Glasser been convicted, and had he appealed to the appellate department of the superior court, the determination by that court of the questions raised on such appeal would be final. Thus, the same three judges of the superior court who preside over the appellate department of said superior court determined, in this instance, through the instrumentality of a proceeding in prohibition, the same question which could have been raised by an appeal from the judgment of the municipal court. The vital distinction between the two methods of procedure is obvious,—an appeal lies from the judgment of the superior court in the prohibition proceedings, whereas the judgment of the appellate department of the superior court would be final.

With regard to the law applicable to the question herein involved, "It is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that jurisdiction to issue the writ is strictly con-

fined to cases where there is no plain, speedy, and adequate remedy in the ordinary course of law. So, although an inferior tribunal is proceeding in excess of jurisdiction, the writ is not available if there is a remedy by appeal or *supersedeas*, and such remedy is adequate. . . . The question whether there is a 'plain, speedy, and adequate remedy in the ordinary course of law', within the meaning of the statute, is one of fact, depending upon the circumstances of each particular case, and the determination of it is a matter largely within the sound discretion of the court. . . . While a right to appeal presents no obstacle to the issuance of a writ of prohibition where, under the circumstances of a particular case, the remedy is not plain, speedy and adequate, there is no right to prohibition when an appeal affords a complete and adequate remedy and will accomplish the same ends. This rule applies as well where there is a right of appeal to the superior court.'' (21 Cal. Jur., p. 584 et seq.)

Manifestly, a reviewing court may examine into the merits of the original petition upon which the alternative writ was based, even though on appeal no issue is raised by appellant as to its sufficiency. Otherwise, as to such question, the judgment and discretion of the court issuing the alternative writ would be conclusive and binding on the reviewing court. Although both appellant and respondent may desire to obtain a decision of the District Court of Appeal upon the issue involved, and the superior court as well may be willing, nevertheless neither the desire of the parties nor the willingness of the lower court can confer jurisdiction in the District Court of Appeal, nor can it be the test by which such jurisdiction is determined. For example, it would be a strange situation indeed if the District Court of Appeal, having original jurisdiction to issue the writ of prohibition and after having denied a petition for a writ upon the grounds of the insufficiency of the petition, would be bound to again entertain upon an appeal from a judgment of the superior court, a consideration of the same petition presented to the District Court of Appeal in the first instance. The facts set forth in the petition for the alternative writ furnish the test, in either court, upon which jurisdiction depends.

From such petition it must appear that petitioner has no plain, speedy and adequate remedy at law. (*Simpson* v.

*Police Court of Riverside,* 160 Cal. 530 [117 Pac. 553].) If a question of jurisdiction is involved, it must appear that such question was presented to the court, the jurisdiction of which was questioned. (*Sutter Butte Canal Co.* v. *Superior Court,* 183 Cal. 321, 324 [191 Pac. 529].) Especially is this true when proceedings have been had in such court affording the opportunity to raise the question.

The petition upon which the alternative writ was issued falls far short of being sufficient in either of the above-mentioned particulars. The petition merely alleges in that regard that petitioner moved said municipal court for its order dismissing the charges and that said motion was denied. It does not appear from said petition that the question of jurisdiction was raised by petitioner in the municipal court, nor does it appear from said petition that petitioner had no plain, speedy and adequate remedy at law. In that regard it is alleged merely that petitioner would be required to post bail pending appeal, prepare a statement and follow the usual procedure on appeal. Such petition is wholly insufficient, and the record is silent as to the proceedings before the superior court at the hearing on the alternative writ. Hence, there is no showing in the record on appeal either that the alternative writ should have issued or that the writ of prohibition was warranted. Incidentally, respondent observes that "the question involved, at least in so far as this respondent is concerned, has become moot. The legislature at its last session enacted a general law which prohibits the solicitation of bail bonds in any building where a court is situated".

For the reasons heretofore given, the judgment is reversed with directions to the lower court to dismiss the proceedings.

York, P. J., and White, J., concurred.