[Civ. No. 13761.   First Dist., Div. Two.   May 17, 1948.]

JOY LICHTENSTEIN, Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY et al., Respondents.

Martinelli, Gardiner & Riede for Petitioner.

Harold Jos. Haley for Respondents.

GOODELL, J.—The petitioner seeks by prohibition to restrain the trial of the issues raised by a cross-complaint filed in a suit pending in the respondent court. That suit, brought by petitioner against his wife, Theresa Lichtenstein, and Marin Title Guaranty Company for declaratory relief, arose out of the following situation: a dispute developed respecting a savings account of $9,000 or thereabouts, standing in petitioner's name, he claiming it as his separate property and his wife contending that it is community property. They were bound by a contract to sell their home in San Rafael but Mrs. Lichtenstein insisted that before the sale was consummated the question as to the character of the $9,000 account had to be settled or that an agreement should be drawn which would protect her out of the proceeds of the sale in the event the $9,000 fund should be held to be community property. Such an agreement was entered into on September 13, 1947, and pursuant thereto one-half of the net proceeds, or $11,002.74, was paid to Mrs. Lichtenstein as her separate property, $6,502.73 of the other half was paid to petitioner as his separate property and $4,500 of his half was impounded with the title company wherewith to settle the

wife's community half of the $9,000 account should it be determined that the fund was of community character.

The petitioner then filed the suit for declaratory relief to have the question settled, and when his wife answered she filed a cross-complaint for separate maintenance on the ground of extreme cruelty. Petitioner demurred thereto on both general and jurisdictional grounds and moved to strike it from the files on the ground that it was not within the provisions of section 442, Code of Civil Procedure and was sham and irrelevant. The demurrer was overruled and the motion denied.

The petitioner contends that if the court proceeds to try the issues raised by the cross-complaint it will be acting in excess of its jurisdiction.

It is self-evident that if in the main case the $9,000 savings account is held to be community property the $4,500 now impounded for Mrs. Lichtenstein's protection will be hers, but it is difficult to see how any fact within the range of the separate maintenance case can conceivably help her prove that the savings account is community property or disprove that it is separate property. The issues triable under that pleading relate to Mrs. Lichtenstein's support in the future. The issues in the declaratory relief case relate to a savings fund long since accumulated in which her rights, if she has any, have been vested for a long time.

The cross-complaint contains the allegations usually found in a complaint for separate maintenance. It asks for suit money, attorney's fees, permanent maintenance and costs.

It contains, however, the following allegation: "That there is the sum of $4500.00 on deposit with Marin Title Guaranty Company which sum this Cross-Complainant alleges to be community property of herself and said Cross-Defendant and that this Cross-Complainant is entitled to be adjudged the sole owner of said funds and entitled to the exclusive possession and control thereof as her separate property by virtue of that certain agreement in writing executed by said parties on September 13, 1947, . . ." All this is alleged in the answer and with considerably more detail and particularity.

The main case is nothing more nor less than a suit to quiet petitioner's title to the impounded $4,500 (based on the claim that the $9,000 savings account is his separate property) and it is a familiar rule that in such suits there is no necessity whatever for a cross-complaint when the defendant's claims and contentions are asserted in the answer. (22 Cal.Jur. § 37, p.

160.) For this reason the repetition of the allegation in the cross-complaint (see *Brooks* v. *White,* 22 Cal.App. 719, 721 [136 P. 500]) can scarcely be relied on as constituting a tie-in with the complaint or the subject-matter thereof.

We are satisfied that the cross-complaint has no place in the main case and that the court erred in denying the motion to strike. But so assuming, the question remains whether such error can be corrected by the remedy now sought.

■ The petitioner cites several cases decided *on appeal,* holding that cross-complaints in those cases were improper, but no case is cited where any court has held that by a writ of prohibition such pleadings can be controlled or ruled out in a piece of litigation then under way in a trial court. We have discovered no such case. On the contrary the law seems to be settled (21 Cal.Jur. p. 603) that "The writ cannot be used for the purpose of regulating the issues in a pending cause and confining them to a particular scope, or to test the correctness of rulings on motions to strike out the whole or any part of a pleading filed in a cause over which a court has complete jurisdiction."

In 21 California Jurisprudence, page 583 it is said, "Jurisdiction is power or 'authority to hear and determine a cause.' It does not depend upon the regularity of the exercise of that power or upon the rightfulness of the decisions there made, and the writ of prohibition is not, as a consequence, available to restrain or correct error,—to regulate or control procedure . . ."

In *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287 [109 P.2d 942, 132 A.L.R. 715], the court restates the familiar rule that "If the lower court has power to make a correct determination of a particular issue, it clearly has power to make an incorrect decision, subject only to appellate review and not to restraint by prohibition."

In *County of Sutter* v. *Superior Court,* 188 Cal. 292, 295, 296 [204 P. 849], the court expressed doubt whether the trial court "did not manifestly err" in its action, but then went on to say that "we do not think these questions can be raised by a proceeding in prohibition . . . Even if an order made as an incident in the progress of a case involves the question of jurisdiction, prohibition cannot be invoked to annul the order or stop proceedings under it."

In the recent case of *Rescue Army* v. *Municipal Court,* 28 Cal.2d 460, 466 [171 P.2d 8], the court said: "A remedy is

not inadequate merely because more time would be consumed by pursuing it through the ordinary course of law than would be required in the use of the extraordinary writ of prohibition. [Citations.] Experience has shown that most of the meritorious defenses are sustained and most of the unsubstantial constitutional or other objections are weeded out at the proper time on the proper showing during the trial or on appeal. These remedies are therefore considered adequate in the usual situations. If this were not so, then whenever jurisdiction is challenged prohibition would lie and the trial of the case would be interrupted until the reviewing court passed upon the intermediate question and appellate courts in many cases would be converted into *nisi prius* courts. (*Agassiz* v. *Superior Court,* 90 Cal. 101, 103 [27 P. 49].)''

The demurrer to the petition is sustained, the alternative writ discharged, and the petition for a peremptory writ denied.

Nourse, P. J., and Dooling, J., concurred.