[Civ. No. 42203. First Dist., Div. One. Oct. 15, 1979.]

CITY AND COUNTY OF SAN FRANCISCO,
Plaintiff and Appellant, v.
LEUNG FAI WAH ANG et al., Defendants and Respondents.

674

**COUNSEL**

Thomas M. O'Connor and George Agnost, City Attorneys, Edw. C. A. Johnson, Dianne K. Barry and Diane L. Hermann, Deputy City

Attorneys, Jo Nell Biancalana and Craig K. Martin, Staff Attorneys, for Plaintiff and Appellant.

K. Lambert Kirk for Defendants and Respondents.

## OPINION

**ELKINGTON, Acting P. J.**—By its "Complaint in Injunction" the City and County of San Francisco (City) sought to abate as a nuisance, certain premises allegedly used as "light food processing for delicatessen, catering or restaurant supply," in violation of the City's zoning ordinances. A demurrer to the complaint was sustained without leave to amend and a judgment of dismissal of the action was thereafter entered. The City appeals from the judgment.

The facts of the case, as found in the complaint and other superior court records of which the court took judicial notice (see Evid. Code, § 452, subd. (d); *Weil* v. *Barthel,* 45 Cal.2d 835, 837 [291 P.2d 30]), follow.

Defendant Bruce Benjamin (served as Doe I) was the owner and operator of a "delicatessen-restaurant" at 1980 Union Street, San Francisco. Not having adequate space for a kitchen at that location, he leased for that purpose property owned by defendant Leung Fai Wah Ang at 3532 Balboa Street, San Francisco, some miles distant from the Union Street premises. Through a building contractor he applied to the City for, and obtained what appeared to be, the necessary permits to construct and operate a "kitchen" at the Balboa Street location. Among other things, a "building permit came through," and a "permit to operate and certificate of sanitary inspection" was issued by the City's department of public health for the business of "delicatessen-wholesale." Necessary work was completed by Benjamin at a cost of approximately $30,000, and the premises were operated to prepare and supply food solely for his Union Street "delicatessen-restaurant."

About a year later the department of city planning, through its zoning administrator, issued an "order to cease violation of planning code" against the Balboa Street premises. The claimed "violation" was the maintenance of a "food processing operation in C-2 district." (It will be noted that the City concedes that "caterers, delicatessens and restaurants are all uses which are permitted in C-2 districts.") The order was

appealed to the City's board of permit appeals (hereafter sometimes, Board). Following a hearing the Board, finding from the evidence that Benjamin's operation was of the nature of the permitted "catering," unanimously overruled the order of the department of city planning.

The City was permitted to appeal or seek judicial review of the Board's action through the so-called "administrative-mandamus" procedure of Code of Civil Procedure section 1094.5. It did not seek such a review, the time for which has now long since expired.

Notwithstanding the final determination of the Board the City, by the instant action, sought to enjoin Benjamin and Ang from maintaining a "public nuisance." The public nuisance of the action was the above mentioned "zoning violation."

■ Benjamin and Ang contend that the determination of the Board had the effect of a final judgment, and was therefore res judicata on the issue of the claimed zoning violation, and beyond collateral attack. The City insists that, *the Board lacking "subject matter jurisdiction over the appeal"* (italics added), its determination of it "was void, and of no legal effect."

We are concerned with the frequently confused concept of *jurisdiction* of courts and quasi-judicial administrative agencies such as the Board. Although sometimes the distinction seems disregarded, as apparently here by the City, such jurisdiction may be broken down into two general categories.

The first of them concerns a judicial tribunal's "lack" or "excess" of jurisdiction as the terms with increasing frequency are being used in determining the availability of extraordinary writs for expeditious review of actual, or threatened, judicial determinations. (See *Pacific Mut. Life Ins. Co.* v. *McConnell,* 44 Cal.2d 715, 725 [285 P.2d 636] [cert. den., 350 U.S. 984 (100 L.Ed. 852, 76 S.Ct. 473)]; *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287-291 [109 P.2d 942, 132 A.L.R. 715].) We are unconcerned here with this broad notion of jurisdiction.

■ The other of the categories is usually termed *"fundamental"* *jurisdiction,* i.e., *"of the subject matter and the parties." (Pacific Mut. Life Ins. Co.* v. *McConnell, supra,* 44 Cal.2d 715, 725; italics added.) Where there is such fundamental jurisdiction the determination of the judicial tribunal may ordinarily be attacked only by appeal or other direct review.

Unless successfully so attacked, the determination is res judicata of the matter determined, and beyond collateral attack. (*Armstrong* v. *Armstrong,* 15 Cal.3d 942, 951 [126 Cal.Rptr. 805, 544 P.2d 941]; *Hollywood Circle, Inc.* v. *Dept. of Alcoholic Beverage Control,* 55 Cal.2d 728, 732 [13 Cal.Rptr. 104, 361 P.2d 712] [cert. den., 356 U.S. 902 (2 L.Ed.2d 580, 78 S.Ct. 562)]; *Signal Oil etc. Co.* v. *Ashland Oil etc. Co.,* 49 Cal.2d 764, 777 [322 P.2d 1]; *Estate of Keet,* 15 Cal.2d 328, 333 [100 P.2d 1045]; *Estate of Casimir,* 19 Cal.App.3d 773, 780 [97 Cal.Rptr. 623].)

■ "An act that may be in excess of jurisdiction so as to justify review by prerogative writ . . . will nevertheless be res judicata [in relation to a final decision] if the court had jurisdiction over the subject and the parties." (*Hollywood Circle, Inc.* v. *Dept. of Alcoholic Beverage Control, supra,* 55 Cal.2d 728, 731.) This is so even though the determination be palpably erroneous, for fundamental jurisdiction " ' "being the power to hear and determine, implies power to decide a question wrong as well as right." ' " (*Hollywood Circle, Inc.* v. *Dept. of Alcoholic Beverage Control, supra,* p. 731; *Signal Oil etc. Co.* v. *Ashland Oil etc. Co., supra,* p. 778.) And such jurisdiction " 'does not depend . . . upon the regularity of the exercise of that power, . . .' " (*In re Coon,* 44 Cal.App.2d 531, 538 [112 P.2d 767]; and see *Lichtenstein* v. *Superior Court,* 85 Cal.App.2d 486, 489 [193 P.2d 508]; *In re Wood,* 34 Cal.App.2d 546, 551 [93 P.2d 1058].)

As stated in *Baines* v. *Zemansky,* 176 Cal. 369, 373 [168 P. 565]: "If [the] court has jurisdiction, it may decide the wrong as well as the right in the matter, and its decision is binding on all other persons, officers, and courts, save upon an appeal to the court having appellate jurisdiction of the cause."

■ The above discussed rules apply also to decisions, as here, of quasi-judicial administrative agencies.

"It is an established rule that where a tribunal has jurisdiction of the parties and of the subject-matter it necessarily has the authority and discretion to decide the questions submitted to it even though its determination is erroneous. . . . *This rule applies to quasi-judicial tribunals as well as to courts.*" (*Cullinan* v. *Superior Court,* 24 Cal.App.2d 468, 471-472 [75 P.2d 518, 77 P.2d 471]; italics added.) Where the function of an administrative agency is "the purely judicial one of reviewing another agency's decision to determine whether that decision conforms to the law and is supported by substantial evidence . . . [, the] doctrine of res judicata applies to such a decision, . . ." (*Hollywood Circle, Inc.* v. *Dept.*

*of Alcoholic Beverage Control, supra,* 55 Cal.2d 728, 732; and see *People* v. *Western Air Lines, Inc.,* 42 Cal.2d 621, 630 [268 P.2d 723]; *People* v. *Los Angeles,* 133 Cal. 338, 342 [65 P. 749]; *Gale* v. *State Bd. of Equalization,* 264 Cal.App.2d 689, 692 [70 Cal.Rptr. 469]; *Saxton* v. *State Board of Education,* 137 Cal.App. 167, 171 [29 P.2d 873]; *McColgan* v. *Board of Police Commrs.,* 130 Cal.App. 66, 68-69 [19 P.2d 815].)

■ Nevertheless it has sometimes been held that the strong policy favoring res judicata and proscribing collateral attack, will not necessarily apply with equal weight to judgments of courts of general jurisdiction, *and* decisions of quasi-judicial administrative agencies. The latter have only such limited authority as is conferred upon them by law, and courts will set aside such of their acts, even though apparently final, as are beyond their statutory jurisdiction. (See *City and County of San Francisco* v. *Padilla,* 23 Cal.App.3d 388 [100 Cal.Rptr. 223].) Inquiry will be made whether "the policy supporting the doctrine of res judicata is outweighed by the strong policy against allowing an administrative agency . . . to act without jurisdiction." (*Id.,* p. 400; and see *Bank of America* v. *City of Long Beach,* 50 Cal.App.3d 882, 891 [124 Cal.Rptr. 256].) And where such an administrative agency's order is not based on a determination of fact, but only upon an erroneous conclusion of law, and is without the agency's authority, it is void and subject to collateral attack. (*Aylward* v. *State Board etc. Examiners,* 31 Cal.2d 833, 838-839 [192 P.2d 929].)

■ But the "policy [of res judicata] can be as important to orderly administrative procedure as to orderly court procedure." (*Hollywood Circle, Inc.* v. *Dept. of Alcoholic Beverage Control, supra,* 55 Cal.2d 728, 732.) And *ordinarily* at least: " '[W]henever any board, tribunal, or person is by law vested with authority to decide a question, such decision, when made, is *res judicata,* and as conclusive of the issues involved in the decision as though the adjudication had been made by a court of general jurisdiction.' " (*People* v. *Los Angeles, supra,* 133 Cal. 338, 342.)

We are brought more closely to the issues of the appeal.

The board of permit appeals was created by the City's charter which as relevant here provides:

"Any applicant for a permit or license . . . whose license or permit is ordered revoked by any department . . . may appeal to the board of permit appeals. Such board shall hear the applicant, the permit-holder, or other interested parties, as well as the head or representative of the

department issuing or refusing to issue such license or permit, or ordering the revocation of same. After such hearing and such further investigation as the board may deem necessary, it may concur in the action of the department authorized to issue such license or permit, or, by the vote of four members, may overrule the action of such department and order that the permit or license be granted, restored or refused."

"In the exercise of its appellate jurisdiction . . . the Board is invested with complete power to hear and determine the entire controversy before it, is free to draw its own conclusions from the conflicting evidence before it and in the exercise of its independent judgment in the matter to affirm, modify or overrule the action of the subordinate agency or official at the primary level. . . . De novo review by the Board is contemplated [by the charter]." (*City and County of San Francisco* v. *Padilla, supra,* 23 Cal.App.3d 388, 395; and see authority there collected.)

■ It will be seen that the Board was a quasi-judicial administrative agency, which was by the City's charter vested with jurisdiction to hear and determine, de novo, the controversy whether the City's permit to occupy and operate the Balboa Street premises could lawfully be invalidated by the City. The issue might be described as factual, i.e., whether the *forbidden* "food processing operation," or a *permitted* "delicatessen," or "restaurant," or "catering" operation, was being conducted. Or it might be deemed factual-legal, i.e., whether the "C-2 district" zoning restrictions were being violated by Benjamin's Balboa Street operation. No reason for the above mentioned rarely exercised exceptions appearing, the Board's determination of the issue against the City, in the absence of direct review or appeal therefrom, was res judicata, and beyond collateral attack.

We need not, and do not, inquire whether the Board's decision was erroneous. If it were, the Board as noted, having " ' "the power to hear and determine, [had the] power to decide [the] question wrong as well as right." ' " (*Hollywood Circle, Inc.* v. *Dept. of Alcoholic Beverage Control, supra,* 55 Cal.2d 728, 731.) Nor are we persuaded by the City's argument that the Board's findings of fact were insufficient, or by the contention raised here for the first time, that the Board did not timely make its determination as required by the charter. The Board's jurisdiction did " 'not depend . . . upon the regularity of the exercise of [the] power, . . .' " (See *In re Coon, supra,* 44 Cal.App.2d 531, 538.)

Moreover, we find the City's heavy reliance upon our opinion in *City and County of San Francisco* v. *Padilla, supra,* 23 Cal.App.3d 388, to be unfounded. There the Board, without tender of any factual issue and without pretense or color of legal authority therefor, purported to grant Padilla a zoning variance *expressly forbidden by law.* Although the City failed to seek appropriate direct review of the Board's order, we nevertheless in a subsequent collateral attack upon it by the City denied Padilla a defense of res judicata. We found the decision to have been a question of law alone (see *Aylward* v. *State Board etc. Examiners, supra,* 31 Cal.2d 833, 838-839), and the "policy supporting the doctrine of res judicata [to be] outweighed by the strong policy against allowing an administrative agency" to act in open violation of law (see *City and County of San Francisco* v. *Padilla, supra,* p. 400). We found the case to be one of the rare exceptions to the rules we have noted.

For these several reasons the judgment of the superior court will be affirmed.

Affirmed.

Newsom, J., and Grodin, J., concurred.