VALLEY WOOD PRESERVING, INC.,
Plaintiff-Appellant,

v.

Joash PAUL, individually and as Chairman of the Board of Supervisors of Stanislaus Co., et ál., Defendants-Appellees.

VALLEY WOOD PRESERVING, INC.,
Plaintiff-Appellee,

v.

COUNTY OF STANISLAUS,
Defendant-Appellant.

Nos. 85–1945, 85–2031.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1986.

Decided March 24, 1986.

As Amended May 20, 1986.

Albert E. Cronin, Jr., Stockton, Cal., for plaintiff-appellant.

Norman L. Chong, Russ & Reynolds, San Francisco, Cal., for defendants-appellees.

Before SNEED and KOZINSKI, Circuit Judges, and SOLOMON,* District Judge.

KOZINSKI, Circuit Judge.

Valley Wood Preserving, Inc. appeals from an award of summary judgment in favor of Stanislaus County, California, and the members of its governing body, the

---

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting    by designation.

Board of Supervisors.[1] The dispute arises from a series of 1979 hearings that led to revocation of two of Valley Wood's conditional land use permits. Two years later, Valley Wood brought this action under 42 U.S.C. § 1983, claiming that the defendants had violated its right to due process, both substantive and procedural.

## Facts

In 1974 Valley Wood began operating a wood preserving plant in Stanislaus County, under a use permit conditioned on "compliance with Central Valley Regional Water Quality Control Board ['Water Board'] requirements." In 1976 Valley Wood received another permit, similarly conditioned, to expand the plant. Two years later, one of Valley Wood's employees spilled a large quantity of hazardous chemicals, contaminating Valley Wood's own soil and that of adjacent landowners.

On April 6, 1979, the Water Board wrote Valley Wood asking it to file a discharge report and submit a plan to stop further leaks. On July 5, the County Planning Commission held a public hearing to consider revoking Valley Wood's permits. The Commission recommended that the Board of Supervisors suspend the permits until October 15 or until Valley Wood complied with the Water Board's directives.

The Board of Supervisors met on August 28 and September 11 to consider the Planning Commission's recommendation. It decided to suspend Valley Wood's permits until October 1, the date the Water Board had set for Valley Wood to remove the soil contaminated by the chemical leak. Valley Wood quickly obtained a writ of mandamus from the Superior Court of Stanislaus County, on the ground that the Supervisors' decision was unsupported by adequate findings. On October 1, Valley Wood began operating its plant again. The following day the Supervisors adopted more detailed findings and, on October 19, the Superior Court upheld the Supervisors' decision.

When the Supervisors learned that Valley Wood had resumed full operations they scheduled a hearing for October 16. Valley Wood sought another writ of mandamus and won a partial victory on October 12, when the court limited the issues the Board could consider. After the hearing, the Supervisors decided to refer the matter back to the Planning Commission. On the same day, the Water Board noted that Valley Wood still had not cleaned up the contaminated soil and ordered it to do so by November 1, 1979. Valley Wood then shut down its plant. It has never reopened.

On October 29, 1979, the Planning Commission met and, after a hearing, recommended that the Valley Wood's permit be suspended until it complied with all relevant state regulations. On November 13, the Supervisors held yet another hearing. They learned that groundwater had been contaminated with chromium as a result of Valley Wood's chemical spill, and that the company still had not complied with the Water Board's clean-up orders. The Supervisors then voted to revoke Valley Wood's permits. Valley Wood never sought review of the revocation by the Superior Court. Some two years later, on February 3, 1981, it brought this action. On February 11, 1985, the District Court granted defendants' motion for summary judgment.

## Contentions of the Parties

Appellant claims that the Board of Supervisors denied it due process in revoking its permits. Its principal claim is that the Board conducted the hearings in an informal fashion, allowing witnesses to speak who were not competent or even sworn; receiving information casually and on an ex parte basis; and denying Valley Wood the opportunity to cross-examine witnesses, sharply limiting its presentation at one hearing and failing to notify it of another hearing altogether. In short, Valley Wood complains that the Board's hearings were not conducted in accordance with the rules of evidence and procedure applicable to

1. No. 85–1945 is the principal appeal, brought by Valley Wood. No. 85–2031 is a protective cross-appeal brought by Stanislaus County alone. Unless otherwise indicated, when we refer to defendants we include all defendants below.

courts. In addition, appellant raises two substantive concerns: that the ordinance in question is too vague and that revocation of its permit was an ex post facto law.

Appellees defend the Board's actions as fully comporting with due process and argue that, in any case, Valley Wood's claims are barred because it failed to raise them before the Board and/or in various proceedings before the Superior Court. In addition, the county raises the affirmative defense of absolute judicial immunity, and claims that there was no county custom or policy to deprive plaintiff of its property without due process, because these were the first revocation hearings the county had held.

## Discussion

### A. Procedural Claims

■■■ The doctrines of claim and issue preclusion apply to actions brought under section 1983. *Migra v. Warren City School Dist. Bd. of Education,* 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984) (claim preclusion); *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (issue preclusion). The federal courts must apply state law in determining the extent of preclusion. *Migra,* 465 U.S. at 81, 104 S.Ct. at 896; *Takahashi v. Board of Trustees,* 783 F.2d 848, 851 (9th Cir.1986); *see* 28 U.S.C. § 1738. In this case, the law of California controls.

■■■ Valley Wood concedes that it raised none of its procedural objections before the Board of Supervisors. Although it was represented by counsel at every hearing where evidence was considered, it never requested that witnesses be sworn, that the rules of evidence be observed or that it be permitted to cross-examine. Valley Wood argues that it was precluded from doing so by the informal nature of the proceedings. However, the voluminous record discloses ample opportunity for Val-

ley Wood to make its concerns known to the Board of Supervisors, either by letter or orally at the hearings. In fact, it properly reserved a separate procedural due process objection concerning notice of the October 16 hearing. Had appellant raised its objections before the Board of Supervisors, this would have allowed the Board an opportunity to modify its procedures, perhaps obviating Valley Wood's concerns.

A California court considering whether such a collateral attack on the Supervisors' revocation decision was precluded would ask three questions: (1) Was the Board of Supervisors acting as a Court? (2) Did it have jurisdiction over the subject? (3) Did it have jurisdiction over the parties? *See generally Hollywood Circle, Inc. v. Department of Alcoholic Beverage Control,* 55 Cal.2d 728, 731–32, 13 Cal.Rptr. 104, 106–07, 361 P.2d 712, 714–15 (1961), *cited with approval, People v. Sims,* 32 Cal.3d 468, 651 P.2d 321, 327, 186 Cal.Rptr. 77, 83 (1982).

The parties agree that the Board of Supervisors, in considering the proposed revocation, acted in a judicial capacity. A local ordinance provides for an investigation to discover whether the permit conditions have been violated, and requires that the permit holder be given notice and an opportunity to be heard. County Ordinance 335, § 9–130.[2] The Supervisors followed these procedures, held hearings to receive evidence and issued findings to support their decision.

Nor is there any reasonable dispute as to the Board's jurisdiction over Valley Wood. Appellant is the holder of a permit granted by the Board, and therefore subject to the Board's jurisdiction to determine whether the terms of the permit were being observed. *Id.*

Plaintiff does argue that the Board lacked subject matter jurisdiction. It

---

**2.** The Ordinance, Stanislaus County Ordinance 335, § 9–130, provides:

Any zoning permit, use permit or variance granted in accordance with the conditions of this chapter, may be revoked if any of the conditions or terms of such permit or variance are violated, or if any law or ordinance is violated in connection there-with.

a. The Board of Adjustment shall hold a hearing on any proposed revocation after giving written notice to the permittee at least 10 days prior to the hearing, and shall submit its recommendations to the Board of Supervisors. The Board of Supervisors shall act thereon within 60 days after receipt of the recommendation of the Board of Adjustment.

claims that the Board could not base revocation of the use permits on Valley Wood's disobedience of the Water Board's cleanup order, because the Water Board itself had exclusive jurisdiction to punish any violations.[3] However, plaintiff is foreclosed from raising this argument here because the Superior Court conclusively resolved the issue in denying one of Valley Woods mandamus petitions.[4] That court held that it was "inconceivable ... that the petitioner [Valley Wood] can defend [its] position by saying that [it] may be in violation of the requirements of the Regional Water Quality Control Board but they have taken no action, therefore the respondent Board of Supervisors is foreclosed from taking any action." *Logsdon v. Board of Supervisors,* No. 162413 (Sup.Ct. Oct. 19, 1979).

Because appellant could have raised its permit claims before the Board of Supervisors, the Board proceedings satisfy the California requirements for claim and issue preclusion. A California court would deem appellant's claims barred by the administrative proceedings and, under *Migra,* 465 U.S. at 81, 104 S.Ct. at 896, so must we.

### B. *Substantive Claims*

■ Plaintiff calls his remaining objections "substantive due process claims." They are both frivolous. The first is that the county ordinance under which the Board of Supervisors acted, *see* note 2 *supra,* is void for vagueness. Appellant claims that the final phrase of the first sentence, "if any law or ordinance is violated in connection therewith" is too vague.

A reasonable man, it asserts, could not tell whether this phrase applies to the use permit or to the initial grant of the use permit. The word "granted" is in the ordinance, but the clause in which it appears is obviously meant to limit the applicability of the remainder of the section to those permits and variances given pursuant to that chapter of county ordinances.

■ Appellant's other substantive argument is that the revocation was an ex post facto law. It contends that the permits were granted in 1973 and 1976, but the Water Board's order to clean up the chemical spill was not issued until 1979. The ex post facto clause is limited to criminal proceedings and therefore has no application here. *See, e.g., Bouie v. City of Columbia,* 378 U.S. 347, 353, 84 S.Ct. 1697, 1702, 12 L.Ed.2d 894 (1964); *Alberico v. United States,* 7 Cl.Ct. 165, 170 (1984) (if regulation not punitive, not ex post facto law), *aff'd,* 783 F.2d 1024 (Fed.Cir.1986).

### Conclusion

The district court's grant of summary judgment is affirmed.

---

3. If true, this would deny the Supervisors' decision preclusive effect since

courts will set aside such of their [quasi-judicial agencies'] acts, even though apparently final, as are beyond their statutory jurisdiction. Inquiry will be made whether "the policy supporting the doctrine of res judicata is outweighed by the strong policy against allowing an administrative agency ... to act without jurisdiction."

*City and County of San Francisco v. Ang,* 97 Cal.App.3d 673, 159 Cal.Rptr. 56 (1979) (citations omitted).

4. Under California law, an issue is precluded if: (1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.

*Hirst v. California,* 770 F.2d 776, 778 (9th Cir. 1985) (citations omitted); *see People v. Sims,* 32 Cal.3d 468, 651 P.2d 321, 331, 186 Cal.Rptr. 77, 87 (1982). These conditions are met here. The jurisdictional issue is identical, the decision of the Superior Court was a final judgment, and the parties are the same.