[No. C000267. Third Dist. July 31, 1987.]

JOHN P. MILLER, Plaintiff and Respondent, v.
BOARD OF MEDICAL QUALITY ASSURANCE, Defendant and
Appellant.

**COUNSEL**

John K. Van de Kamp, Attorney General, and Robert C. Cross, Deputy Attorney General, for Defendant and Appellant.

Loren Graham for Plaintiff and Respondent.

**OPINION**

**SIMS, J.**—Plaintiff and respondent John P. Miller, M.D., filed a petition for writ of mandate (Code Civ. Proc., § 1094.5) to review an order of the Division of Medical Quality of the Board of Medical Quality Assurance (the Board) reinstating his license to practice medicine. Miller claimed the Board improperly restored his license by imposing conditions on it, including one that he regularly seek psychiatric care. The trial court concluded the Board had unlawfully revoked Miller's license some two years earlier because it had ordered him to take a mental examination without first affording him a hearing in violation of his constitutional rights to due process of law. The trial court granted the petition and restored Miller's license without any conditions.

The Board appeals this decision, claiming the court erroneously refused to sustain its demurrer on the ground the 30-day statute of limitations (Gov. Code, § 11523) barred Miller's attack on the earlier revocation proceedings. We agree with the Board that Miller's petition in this case was filed untimely and shall reverse the judgment.

## Factual and Procedural Background

On December 1, 1981, the Board issued an order compelling Miller to submit to a psychiatric examination. (Bus. & Prof. Code, § 2296.)[1] When Miller refused to undergo the examination, the Board filed an accusation to revoke his license to practice medicine. (Bus. & Prof. Code, § 2234.)[2]

At the hearing on the accusation, Miller objected to the proceedings. Among other reasons, he argued that Business and Professions Code section 2296 was unconstitutional. The administrative law judge overruled the objections and issued a decision revoking Miller's license. The Board adopted this decision on June 4, 1982, and the revocation became effective on July 6, 1982.

On September 3, 1982, Miller filed his first petition for writ of mandate (Code Civ. Proc., § 1094.5)[3] which sought to overturn the decision revoking his license. On December 9, 1982, the court found Miller's petition was not timely filed pursuant to the provisions of Government Code section 11523,[4] and sustained the Board's demurrer with 30 days leave to amend the petition. It is undisputed the petition was never amended and the Board never moved to have judgment entered following the order sustaining the demurrer.

---

[1] Business and Professions Code section 2296 (now § 820) provided in pertinent part: "Whenever it appears to the Division of Medical Quality that a licensee is mentally or physically ill to the extent the licensee's ability to practice medicine safely is impaired, the division may order and compel the licensee to be examined by one or more physicians and surgeons in the appropriate specialty designated by the division. . . ."

[2] Business and Professions Code section 2234 provides that the Division of Medical Quality shall take action against any licensee who is charged with unprofessional conduct, including violations of any provision of chapter 5 of the Code (which includes § 2296).

[3] Code of Civil Procedure section 1094.5 provides in pertinent part as follows: "(a) Where the writ is issued for the purpose of inquiring into the validity of any final administrative order or decision made as the result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested in the inferior tribunal . . . the case shall be heard by the court sitting without a jury. All or part of the record of the proceedings before the inferior tribunal . . . may be filed with the petition, may be filed with the respondent's points and authorities, or may be ordered to be filed by the court. . . . [¶] (b) The inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; . . . [¶] . . . [¶] (f) The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. . . ."

[4] Government Code section 11523 provides in pertinent part: "Judicial review may be had by filing a petition for a writ of mandate in accordance with the provisions of the Code of Civil Procedure, subject, however, to the statutes relating to the particular agency. Except as otherwise provided in this section, any such petition shall be filed within 30 days after the last day on which reconsideration can be ordered. The right to petition shall not be affected by the failure to seek reconsideration before the agency. . . ."

Reconsideration is governed by the provisions of section 11521, which provides 30 days after delivery or mailing of the decision to the licensee, or on the effective date of the decision if earlier, as the last day on which the decision may be reconsidered.

On July 6, 1983, one year after the effective revocation of his license, Miller filed a petition to reinstate his license. (Bus. & Prof. Code, § 2307; Gov. Code, § 11522.)[5] In connection therewith, the Board requested that Miller be examined by its appointed psychiatrist. Miller was examined on December 9, 1983. The psychiatrist found Miller was then able to practice medicine safely but recommended that Miller undergo psychotherapy to prevent a recurrence of past problems.

The Board issued its order reinstating Miller's license on March 30, 1984, subject to a five-year probationary period during which he would be required, among other conditions, to undergo psychiatric treatment.

On May 29, 1984, Miller filed the petition for writ of mandate at issue in this appeal. He contended the Board had no alternative but to reinstate his license in full and had no power to place conditions on it. He reiterated his claim that the original order compelling him to undergo a psychiatric examination, issued in 1982, was void because Business and Professions Code section 2296, upon which the Board had relied, made no provision for a hearing and was therefore unconstitutional. Thus, Miller contended the subsequent order of reinstatement upon conditions was void as well. Miller had not tendered this claim in the reinstatement proceedings before the Board.

The Board demurred to the petition on grounds it was filed beyond the statute of limitations (Gov. Code, § 11523) and because it was barred by principles of res judicata. The court overruled the demurrer and found Business and Professions Code section 2296 unconstitutional on the basis asserted by Dr. Miller. The court concluded the revocation order was void and, "There can be no conditions of reinstatement from a void order." The court therefore ordered Miller's license reinstated in full, without any conditions.

## DISCUSSION

■ The Board contends Dr. Miller may not attack the revocation of his license in a petition for reinstatement and argues any attack on the order of revocation is barred by the statute of limitations found in Government Code section 11523. The Board also asserts that should this court find Miller's attack on the revocation order permissible, the case should be remanded to the trial court to allow it to consider the record of the revoca-

[5] Business and Profession Code section 2307 and Government Code section 11522 permit a licensee whose license has been suspended or revoked to petition the Division of Medical Quality for reinstatement of the license after a period of not less than one year has elapsed from the effective date of its revocation.

tion proceeding, which was never before the court. Because we find the statute of limitations issue dispositive, we need not discuss the other contentions.

When a petition for writ of mandate is brought to review a decision of the Board, Government Code section 11523 provides the applicable time limit in which such review may be had. (See fn. 4, *ante*.) As pertinent here, that section provides a petition seeking judicial review of an order of the Board "shall be filed within 30 days after the last day on which reconsideration can be ordered." The petition in this case had to be filed no later than 30 days after July 6, 1982.

Miller's first petition for writ of mandate was filed on September 3, 1982, almost 60 days after the effective date of the decision. ■ ■ ■ ■ ■ For this reason, the Board's demurrer on the basis of the statute of limitations was sustained, although Miller was given leave to amend. [6]

The attempt to attack that original order revoking Miller's license in a later petition for writ of mandate is also governed by the provisions of section 11523, and therefore was barred after 30 days following the effective date of the decision, i.e., in August 1982. The fact the revocation order was a necessary predicate for the reinstatement order is immaterial, since it is clear Miller's attack is aimed exclusively at asserted procedural irregularities that occurred in the first proceeding. That this is so is graphically illustrated by Miller's failure to tender to the Board in the reinstatement proceedings the issue of any illegality in the earlier revocation of his license. To allow a litigant to attack ancient administrative determinations on the ground they constitute a necessary foundation for current administrative action would emasculate the purposes of the statute of limitations and

---

[6] As noted earlier, Miller never amended his petition within the 30 days or at any time thereafter, and the Board never moved to enter judgment. For this reason, the trial court found there was no res judicata effect to be accorded the prior proceedings, citing *Service Employees International Union* v. *Hollywood Park, Inc.* (1983) 149 Cal.App.3d 745 [197 Cal.Rptr. 316]. With the exception of the court's order sustaining the Board's demurrer, the record of the first mandate proceeding is not before us; nor, asserts the Board, was it before the court below. However, we note that Code of Civil Procedure section 1094.5, subdivision (g) provides that the court "may stay the operation of the administrative order or decision pending the judgment of the court, or until the filing of a notice of appeal from the judgment or until the expiration of the time for filing the notice, whichever occurs first." (See also § 1094.5, subd. (h).) There is no evidence in the record to suggest the Board's revocation order was ever stayed. Assuming the revocation order remained in effect, we note the trial court never considered the res judicata effect due that administrative decision. We express no view on the subject except to note that such decisions can qualify for preclusive effect when the administrative agency acts in a judicial fashion and resolves disputed issues of fact before it which the parties have had an adequate chance to litigate. (*People* v. *Sims* (1982) 32 Cal.3d 468, 477-479 [186 Cal.Rptr. 77, 651 P.2d 321].)

would inject unacceptable uncertainty into the process of administrative decisionmaking. Miller's attempt to challenge the original order of the Board is untimely and cannot be made in the present petition for writ of mandate, because it is almost two years too late. The trial court erred in granting him relief. (See *Kupka* v. *Board of Administration* (1981) 122 Cal.App.3d 791, 794-798 [176 Cal.Rptr. 214].)

The trial court relied on *Service Employees International Union* v. *Hollywood Park, Inc., supra,* 149 Cal.App.3d 745. As relevant here, that case stands only for the proposition that neither res judicata nor collateral estoppel applies to an order sustaining a demurrer. (*Id.,* at pp. 755-756.) However, even assuming for purposes of argument Miller is not precluded from challenging the revocation proceedings by principles of res judicata or collateral estoppel (see fn. 6, *ante*), he still must show he is bringing the attack within the applicable statute of limitations set forth in section 11523. The trial court reasoned the only bar the Board could impose against Miller's mandate action was a prior final judgment; in this respect, the trial court overlooked the application of the statute of limitations.[7]

Miller argues, as he did successfully in the trial court, that he may now attack the original order revoking his license because he is raising a constitutional due process challenge to its validity. The constitutional violation asserted by Miller is that the order compelling him to undergo a psychiatric examination denied him due process because it was entered without first affording him a hearing. The disobedience of this order formed the basis of the revocation of Miller's license in 1982. ■ However, it is well settled that the assertion of a constitutional right is subject to a reasonable statute of limitations unless a constitutional provision provides to the contrary. (*Wilson* v. *Garcia* (1985) 471 U.S. 261, 271-272 [85 L.Ed.2d 254, 263-264, 105 S.Ct. 1938]; *Rand* v. *Bossen* (1945) 27 Cal.2d 61, 65 [162 P.2d 457]; *Coombes* v. *Getz* (1933) 217 Cal. 320, 331 [18 P.2d 939]; *Timberidge Enterprises, Inc.* v. *City of Santa Rosa* (1978) 86 Cal.App.3d 873, 886 [150 Cal.Rptr. 606].) ■ Here, no constitutional provision bars application of the statute, and Miller has made no claim the limitation period is unreasonable. Miller's assertion of a constitutional claim does not avoid the bar of the statute of limitations.

Our conclusion that Miller may not now attack the underlying revocation order is buttressed by a recent decision of the United States Supreme Court. In *United States* v. *Mendoza-Lopez* (1987) 481 U.S. 828 [95 L.Ed.2d 772, 107 S.Ct. 2148], the court permitted an alien to raise collaterally a constitu-

---

[7]Miller cites *Solberg* v. *Wenker* (1985) 163 Cal.App.3d 475 [209 Cal.Rptr. 545] in support of his claim the present action is not barred by res judicata. We have no occasion to address *Solberg* because no statute of limitations was at issue in the case.

tional challenge to a final deportation order which formed the basis of a subsequent felony proceeding for the crime of entering the United States after previously having been deported. (See 8 U.S.C. § 1326.) "Our cases establish that where a determination made in an administrative proceeding is to play a critical role in the subsequent imposition of a criminal sanction, there must be *some* meaningful review of the administrative proceeding. [Citations.] This principle means at the very least that where the defects in an administrative proceeding foreclose judicial review of that proceeding, an *alternate means of obtaining judicial review must be made available* before the administrative order may be used to establish conclusively an element of a criminal offense. . . . Depriving an alien of the right to have the disposition in a deportation hearing reviewed in a judicial forum requires, at a minimum, that review be made available in any subsequent proceeding in which the result of the deportation proceeding is used to establish an element of a criminal offense." (*United States* v. *Mendoza-Lopez, supra,* 481 U.S.at p. 828 [95 L.Ed.2d at pp. 782-783] , citations and footnotes omitted, italics in original.) The court was careful to explain that where judicial review of a prior order is available, a collateral challenge will not be entertained. (*Id.,* at pp. __-__ [95 L.Ed.2d at p. 783]; *Lewis* v. *United States* (1980) 445 U.S. 55, 67 [63 L.Ed.2d 198, 210-211, 100 S.Ct. 915].) "The fundamental procedural defects of the deportation hearing in this case rendered direct review of the immigration judge's determination unavailable to respondents. What was assumed in *Lewis,* namely the opportunity to challenge the predicate conviction in a judicial forum, was precisely that which was denied to respondents here." (*United States* v. *Mendoza-Lopez, supra,* at p. __ [95 L.Ed.2d at pp. 784-785].)

By contrast, in this case Miller had the opportunity to challenge the prior administrative order of revocation.[8] That opportunity is provided by Code of Civil Procedure section 1094.5, which, when considered together with Government Code section 11523, allows a challenge to administrative orders in a judicial forum if it is brought in a timely fashion. By holding that Miller is required to comply with the appropriate statute of limitations, we do no more than reaffirm the principles set forth in *United States* v. *Mendoza-Lopez, supra,* 481 U.S. 828. ■ These principles hold that before an administrative order is given effect in a later proceeding, meaningful judicial review of that order must be available. ■ Such review was available here but Miller failed to invoke it within the statute of limitations in this action.

Miller argues he can escape the bar of the statute of limitations because the Board acted *in excess of its statutory powers* when it disciplined him on

---

[8] We also note in passing that this is *not* a criminal proceeding, further distinguishing this case from *Mendoza-Lopez, supra,* 481 U.S. 828.

the basis of the assertedly unconstitutional statute. For present purposes we shall assume without deciding that the trial court properly declared Business and Professions Code section 2296 unconstitutional.

■ ■ ■ ■ ■ ■ Administrative orders are void when rendered without fundamental jurisdiction[9] (*City and County of San Francisco* v. *Ang* (1979) 97 Cal.App.3d 673, 677-679 [159 Cal.Rptr. 56]) or in excess of the agency's statutory powers, also referred to as in excess of its jurisdiction. (*Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 839 [192 P.2d 929]; *B. W.* v. *Board of Medical Quality Assurance* (1985) 169 Cal.App.3d 219, 234 [215 Cal.Rptr. 130]; *City and County of San Francisco* v. *Padilla* (1972) 23 Cal.App.3d 388, 400 [100 Cal.Rptr. 223].) As a general rule, acts of courts or agencies undertaken wholly without the power to do so may be collaterally attacked at any time without regard to a statute of limitations. (See, e.g., *Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 950 [126 Cal.Rptr. 805, 544 P.2d 941]; *City and County of San Francisco* v. *Padilla, supra,* 23 Cal.App.3d at pp. 397-400.) However, in California when a court or agency acts pursuant to a statute later declared unconstitutional, prior final proceedings based on such a statute are entitled to res judicata effect and are immune from collateral attack. (*Slater* v. *Blackwood* (1975) 15 Cal.3d 791, 796-797 [126 Cal.Rptr. 225, 543 P.2d 593]; *Bank of America* v. *Department of Mental Hygiene* (1966) 246 Cal.App.2d 578, 585 [54 Cal.Rptr. 899], and authorities cited therein.) If reliance on an unconstitutional statute deprived a court or agency of fundamental jurisdiction or somehow made its act one in excess of its statutory powers, the rule barring collateral attack could not apply. Consequently, we conclude an administrative agency does not act without fundamental jurisdiction or in excess of its jurisdiction when it acts pursuant to the authority of a statute later declared unconstitutional. (See *ibid.*)

■ The appropriate means for Dr. Miller to raise his challenge to the constitutionality of Business and Professions Code section 2296 was in a petition for writ of mandate filed within the time limits of Government Code section 11523. His attempt to do so in the *present* mandate action is untimely by a long shot and therefore is barred.[10]

---

[9] Fundamental jurisdiction concerns jurisdiction over the subject matter and over the person. (*City and County of San Francisco* v. *Ang* (1979) 97 Cal.App.3d 673, 677 [159 Cal.Rptr. 56].) "Subject matter jurisdiction refers to 'the court's power to hear and determine the cause.'" (*People* v. *Webb* (1986) 186 Cal.App.3d 401, 411 [230 Cal.Rptr. 755], quoting *In re Griffin* (1967) 67 Cal.2d 343, 346 [62 Cal.Rptr. 1, 431 P.2d 625].) Personal jurisdiction is not at issue in this appeal.

[10] We express no view whether Miller may assert his claim in the pending, nonfinal mandate proceeding initiated in 1982.

## DISPOSITION

The judgment is reversed.

Puglia, P. J., and Evans, J., concurred.