15 F.3d 1083
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Artie M. BROOKS; Betty R. Brooks; and Gary A. Brooks, Plaintiffs,
Thomas M. Holsinger, Appellant,
v.
CITY OF TURLOCK, Defendant-Appellee.
 No. 92-16258.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1993.
Decided Dec. 30, 1993.
 
 Before: ALARCON, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 This is an appeal from an order imposing sanctions on Attorney Thomas Holsinger. Holsinger filed several class actions in the Superior Court on behalf of certain property developers against the City of Turlock, California (the "City"). The crux of the actions was that the City allegedly acted illegally by requiring the developers to grant the City title to certain lots in their subdivisions. The Brooks v. Turlock action at issue here and subsequent actions involving the same parties, classes, and issues were removed to federal court and consolidated. The subsequent actions were: Weese v. Martin, No. CV-F-89-153 REC, Brooks v. Bates, No. CV-F-89-339 REC, and Brooks v. Martin, No. CV-F-89-340 REC.
 
 
 3
 The City moved for summary judgment on all the actions. The district court granted summary judgment in favor of the City on all counts in Brooks v. Turlock.[1] The Court imposed sanctions against Holsinger. The Court found that Holsinger had failed to conduct a reasonable inquiry into the facts and the law before filing, as required by Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533 (1991), and that Holsinger had filed duplicative and meritless actions following removal to federal court. The court also imposed sanctions under 28 U.S.C. Sec. 1927 (1982).
 
 
 4
 1. Whether We Reach the Merits of the Underlying Actions
 
 
 5
 Holsinger "urges the Court to rule on the merits now." He claims that "the judgment is so clearly the result of passion and prejudice that it would serve no purpose to merely reverse and remand with instructions on the procedural flaws." Holsinger claims we should decide the merits of Weese v. Martin, Brooks v. Bates, Brooks v. Martin, and Brooks v. Turlock.
 
 
 6
 We decline to rule on the merits of the first three cases. Holsinger admits that these actions were voluntarily dismissed. As for Brooks v. Turlock, we determine only whether the district court erred in its ruling on summary judgment. As a reviewing court, we "do[ ] not review the evidence as an original fact finding tribunal." Yanish v. Barber, 232 F.2d 939, 947 (9th Cir.1956) (quotation omitted).
 
 
 7
 2. Whether the District Court Erred in Granting Sanctions by Finding That the First Amended Complaint Lacked Merit
 
 
 8
 Holsinger argues that the district court ruled that there was merit to some of the claims in Brooks v. Turlock and therefore, sanctions should not have been imposed as if there were no merit to the action. This argument fails because it is based on erroneous assumptions. While the court ruled that res judicata did not apply to the 7th and 8th Counts of the First Amended Complaint, the court stated that there were other grounds for awarding summary judgment on these counts. The court granted summary judgment for the City on the 7th and 8th counts because the court found these counts were waived and that there was no evidence of duress.
 
 
 9
 3. Whether There Is Evidence of the Court's Passion and Prejudice Against Artie Brooks
 
 
 10
 Holsinger claims that the court's ruling "is explainable only in terms of its passion and prejudice against Mr. Brooks."
 
 
 11
 This argument has no merit. There is no evidence of prejudice against Mr. Brooks. The district court carefully discussed and decided each of the numerous counts of the First Amended Complaint and invoked portions of a voluminous record to show that Brooks had every opportunity to contest the City's actions with respect to the interim drainage basins, had he chosen to do so. This does not demonstrate passion and prejudice.
 
 
 12
 4. Whether the District Court Erred in Finding That Duress Was Essential to Survive a Summary Judgment Motion
 
 
 13
 The court found that absent allegations of duress, the claims were foreclosed by the California statutes of limitation and res judicata/collateral estoppel.[2]
 
 
 14
 Holsinger argues that the allegation of estoppel/duress was not essential because some plaintiffs did not claim it and because it was not the only counterargument. This non sequitur does not undermine the district court's determination that claims of duress were the only way to create a genuine issue of material fact where the statutes of limitation had clearly run, and where issue and claim preclusion applied because the Brooks had failed to use the available administrative remedies.
 
 
 15
 5. Whether the Exclusion of Artie Brooks' Deposition Was in Violation of Federal Rule of Civil Procedure 30(e)
 
 
 16
 The court made the following statement, which was a partial basis for the sanctions against Holsinger at issue here:
 
 
 17
 The Declaration of Artie M. Brooks submitted in opposition to this Motion for Summary Judgment was executed on March 15, 1990.... The deposition of Artie M. Brooks was taken on March 6, 1990, May 14-15, 1990, May 17, 1990, and May 31, 1990. The testimony in this deposition contradicts in many instances averments made in the declaration. Moreover, in a number of critical instances, Brooks substantially revised his deposition testimony in an obvious effort to salvage his claims and create a genuine issue of material fact. The Ninth Circuit allows the district court to disregard a declaration under such circumstances. Foster v. Arcata Associates, Inc., 772 F.2d 1453, 1462 (9th Cir.1985), cert. denied, 475 U.S. 1048 (1986); Radobenko v. Automated Equipment Corp., 520 F.2d 540, 543-544 (9th Cir.1975). In this court's opinion, these cases also allow a court to disregard revised deposition testimony when it is as obvious as it is here that the deponent is attempting to manufacture evidence. Therefore, for purposes of ruling on this motion, except as set forth herein, the court has disregarded Brooks' declaration and the revised deposition testimony.
 
 
 18
 Holsinger claims that the court's "exclusion of any and all of Mr. Brook's deposition was in direct violation of Rule 30(e) of the Federal Rules of Civil Procedure."
 
 
 19
 The district court did not violate Rule 30(e). Judge Coyle was within his discretion to conclude that Brooks "substantially revised his deposition testimony in an obvious effort to salvage his claims and create a genuine issue of material fact."
 
 
 20
 Holsinger also argues that neither case the court cited "allows a court to disregard all of a declaration, let alone all a deponent's evidence, on the grounds that one portion of a deposition contradicts one portion of a declaration." In Radobenko, we held that no genuine issue of material fact is created where a declaration contradicts prior deposition testimony. 520 F.2d at 544. We stated that issues of fact created by declarations that contradict depositions "are sham issues which should not subject the defendants to the burden of a trial." Id.; see also Foster, 772 F.2d at 1462 (court finds not credible a declaration that contains statements contradictory to prior deposition testimony). The district court was within its discretion to ignore Brook's inconsistent declaration for purposes of determining whether there was a genuine issue of material fact.
 
 
 21
 Although Holsinger argues that the district court could not ignore all of the declaration, he does not say what other parts of the declaration create a genuine issue of material fact. We decline to consider this argument any further.
 
 
 22
 6. Whether the District Court Erred in Finding That Holsinger Failed to Conduct a Reasonable Investigation
 
 
 23
 Federal Rule of Civil Procedure 11 states that: "The signature of an attorney ... constitutes a certificate by the signer that ... to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... shall impose upon the person who signed it ... an appropriate sanction" (emphasis added). The district court found there was no reasonable inquiry in part because: "Mr. Holsinger stated the extent of his investigation concerning the factual basis for these allegations were questions posed to his client, Artie Brooks. In other words, Mr. Holsinger conducted no reasonable investigation at all."
 
 
 24
 Holsinger argues: "The District Court's ruling that an attorney may not rely on his client's sworn statements is contrary to law and, if upheld, menaces the Bar." This argument is misplaced. There were no sworn statements that Holsinger relied on when he prepared the allegations of duress in paragraphs 30, 35, 59, and 60 of the First Amended Complaint on December 4, 1989. The deposition of Artie M. Brooks was not taken until March 6, 1990, May 14-15, 1990, May 17, 1990, and May 31, 1990. Brooks' declaration was not prepared until March 15, 1990.
 
 
 25
 Holsinger must have known there would be a significant problem with the statute of limitations and collateral estoppel. Consequently, he should have carefully investigated whether there was in truth any element of duress. Because the statute of limitations had already run, Holsinger was not "pressed to act quickly [and therefore] reasonably relie[d] on Brooks' careless misrepresentations." Cf. Business Guides, 498 U.S. at 550.
 
 
 26
 Holsinger argues the district court ignored his other litigation in state court that showed an "atmosphere of intimidation and menace created by the City." However, there are no citations to the record. "[T]he law of this circuit ... recognizes that a ... court is under no obligation to mine the full record for issues of triable fact." Schneider v. TRW, Inc., 938 F.2d 986, 990 n. 2 (9th Cir.1991).
 
 
 27
 7. Deterrence and Holsinger's Ability to Pay the $5000
 
 
 28
 Citing In re Yagman, 796 F.2d 1165 (9th Cir.1986), amended, 803 F.2d 1085 (9th Cir.1986), Holsinger argues that sanctions were not properly imposed because they serve no deterrent function when imposed at the close of the action. However, the Supreme Court has since recognized that Rule 11 determinations "may be made after the principal suit has been terminated." Cooter & Gell, 496 U.S. 384, 396 (1990).
 
 
 29
 Holsinger also states: "It is undisputed that Appellant lacks the ability to pay the sanctions." He claims that the Supreme Court's decision in Pavelic & LeFlore v. Marvel Entertainment Group, Div. of Cadence Indus. Corp., 493 U.S. 120 (1989), prevented the district court from determining that his ability to pay was based on obtaining indemnity from his employers under California Labor Code Sec. 2802. Pavelic & LeFlore, however, stands for the proposition that a sanction under Rule 11 is imposed only against the individual attorney, not his or her firm. 493 U.S. at 124 ("we think references to the signer in the later portions [of Rule 11] must reasonably be thought to connote the individual signer"). The district court imposed the sanction only against Holsinger, not his firm. The court cited California Labor Code Sec. 2802 only as to Holsinger's ability to obtain indemnification from his firm, and consequently his ability to pay the sanction, not to impose a sanction on Holsinger's firm as proscribed by Pavelic & LeFlore.
 
 
 30
 8. Whether the District Court Properly Sanctioned Holsinger
 
 Section 1927 states:
 
 31
 Any attorney or other person admitted to conduct cases in any court of the United States ... who so multiplies the proceedings in any case as to increase costs unreasonably and vexatiously may be required by the court to satisfy personally such excess costs.
 
 
 32
 The imposition of sanctions under section 1927 requires a finding that an attorney acted "recklessly or in bad faith." United States v. Associated Convalescent Enters., Inc., 766 F.2d 1342, 1346 (9th Cir.1985).
 
 
 33
 Holsinger argues that the actions were filed in good faith to avoid the running of the statute of limitations. However, it was so clear that the statute of limitations had run, he saw fit to include in the complaints allegations of duress. Thus, the actions could hardly have been filed to toll the statute. Moreover, the district court's finding of bad faith is in essence a finding that Holsinger lacked credibility. We give deference to the district court's opportunity to judge the credibility of the parties before it. See Fed.R.Civ.P. 52(a); Rozay's Transfer v. Local Freight Drivers, Local 208 etc., 850 F.2d 1321, 1326 (9th Cir.1988), cert. denied, 490 U.S. 1030 (1989). Deference to the judgment of the district court is also warranted because that court, with its experience in processing these actions in their entirety, was in the best position to judge whether Holsinger acted in bad faith.
 
 
 34
 Because there is nothing in Holsinger's arguments or the record available in the excerpts to show that the district court committed clear error or abused its discretion in imposing sanctions of $5000 against Holsinger, we
 
 
 35
 AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 At the plaintiffs' request, the district court dismissed the other three actions consolidated with Brooks v. Turlock; i.e., Weese v. Martin, Brooks v. Bates, and Brooks v. Martin
 
 
 [2]
 Under California law, claims and issues are precluded from a later collateral attack when, as here, they have not been protested in the proper administrative forum. See Valley Wood Preserving, Inc. v. Paul, 785 F.2d 751, 753-54 (9th Cir.1986) (section 1983 action)